IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BURLINGTON INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| CHRIST FOR THE NATIONS, INC. and GINNY BRITTAIN, | § § § | Civil Action No. 3:05-CV-1164-L ECF |
| Defendants, | § § | |
| v. | § § | |
| MCCLELLAND AND HINE, INC., | § § | |
| Third-Party Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Dismiss Third-Party Defendant McClelland and Hine, Inc.'s Cross Claim for Declaratory Relief ("Motion to Dismiss"), filed January 30, 2006. After careful consideration of the motion, response, reply, record, and applicable law, the court **denies** Plaintiff's Motion to Dismiss Third-Party Defendant McClelland and Hine, Inc.'s Cross Claim for Declaratory Relief.

**I.     Factual and Procedural Background**

This liability insurance coverage dispute arises from a state court lawsuit filed by Defendant Ginny Brittain ("Brittain") against Defendant Christ for the Nations, Inc. ("CFNI"). Plaintiff The Burlington Insurance Company (**"**TBIC") filed the present declaratory judgment action requesting the court to declare that it has no duty to defend or indemnify CFNI in the underlying suit. Brittain

was a student at CFNI, a theological seminary in Dallas, Texas. TBIC was CFNI's general liability insurance policy provider from August 2004 to August 2005. CFNI claims that its insurance agent contacted TBIC's insurance agent, McClelland and Hine, Inc. ("MHI"), in August 2004, in order to obtain a general liability policy from TBIC.[1] CFNI contends that MHI indicated to CFNI that TBIC would remove an exclusion from CFNI's policy for injuries related to athletic and sports participants (the "Athletic Exclusion"). CFNI asserts that MHI issued a binder on August 31, 2004, confirming that the general liability policy provided by TBIC ("the policy") was in effect for one year, and that the Athletic Exclusion was not included in the policy. *See* Def.'s Orig. Ans. ¶¶ 3, 4.

On September 27, 2004, Brittain contends she was injured at a CFNI event, where students wrestled after donning exaggerated foam rubber suits, which made the students resemble Sumo wrestlers (the "Sumo Incident"). She contends that she cracked her skull on the gymnasium floor while participating in the Sumo wrestling, and that the injury was proximately caused by CFNI's failure to provide her with a helmet, giving rise to the underlying state negligence suit. CFNI asserts that it gave MHI notice of the Sumo Incident two days later. CFNI contends that TBIC has a duty to defend and indemnify it against the underlying suit according to the policy. *See* Def.'s First Amend. Ans. and Counterclaim ¶ 4.01. CFNI contends that upon learning of the incident, TBIC refused to provide coverage, and instead issued a policy dating back to August 31, 2004, which included the Athletic Exclusion that CFNI contends had already been removed.

Brittain sued CFNI in state court in May 2005. TBIC filed the present declaratory judgment action against CFNI and Brittain on June 7, 2005, requesting the court to declare that it has no duty

---

[1] While CFNI refers to MHI as an agent, MHI and TBIC refer to it as a broker. *See* MHI's Mot. to Intervene ¶18; Pl.'s Mot. to Dismiss at 2. While the distinction may be crucial at a later stage in the proceedings, it is irrelevant to the present inquiry.

**Memorandum Opinion and Order - Page 2**

to defend or indemnify CFNI because Brittain's alleged injury falls under the ambit of the Athletic Exclusion. Pl.'s Orig. Compl. ¶ 18. CFNI counter-claimed against TBIC on July 22, 2005, seeking a declaration that the Athletic Exclusion is not part of the insurance policy, or, alternatively, the exclusion does not apply to the Sumo Incident. On August 24, 2005, MHI filed a Motion to Intervene Pursuant to Rule 24 ("Motion to Intervene"). Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, MHI's Motion to Intervene was referred to the United States Magistrate Judge "for proposed findings and recommendations for disposition of the motion." Order of Reference, issued Oct. 14, 2005. The magistrate judge found that MHI lacked standing to intervene, and recommended that the court deny the Motion to Intervene.[2] MHI was later made a party to the present suit, however, when CFNI filed a third-party complaint against it on December 8, 2005. MHI, in turn, filed a "cross-claim"[3] against TBIC seeking declaratory relief, and alleging that TBIC violated Tex. Ins. Code Ann. § 541.061 (2006).

In this motion, TBIC moves to dismiss MHI's declaratory judgment claim for lack of standing.[4] TBIC contends that because MHI asserts the same claims that it made in its Motion to Intervene, which was denied for lack of standing, the court should dismiss the claim. TBIC also

---

[2] The court did not issue an order accepting the magistrate judge's findings and conclusion, as it relied upon the docket sheet entry to believe that the magistrate judge's order involved a determination instead of a recommendation. This was an oversight on the court's part. The court hereby determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, McClelland and Hine, Inc.'s Motion to Intervene Pursuant to Rule 24 is **denied**. The clerk of the court is **directed** to reflect on the docket sheet that the court denied MHI's Motion to Intervene.

[3] The court disagrees that this is a true cross-claim. See section II. A., below.

[4] TBIC asserts that it is only seeking the dismissal of MHI's request for declaratory relief and not MHI's insurance code claim. Pl.'s Reply in Supp. of Mot. to Dismiss at 5. The court will take TBIC at its word, and this order will only be dispositive with respect to MHI's request for declaratory relief.

**Memorandum Opinion and Order - Page 3**

argues the claim should be dismissed for lack of prudential standing because MHI is merely asserting CFNI's rights. For the reasons explained below, the court disagrees.

## II.     Legal Standard for Motion to Dismiss for Lack of Standing

Federal courts are courts of limited jurisdiction, and "have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). Because the question of standing implicates the court's subject matter jurisdiction, that is, the court's statutory or constitutional power to adjudicate a claim or dispute, *see Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 89 (1998); *Allen*, 468 U.S. at 751, the court will treat Plaintiff's Motion to Dismiss as if it were brought under Fed. R. Civ. P.12(b)(1), and apply the legal standards applicable to such motions.

In considering a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations in the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

**Memorandum Opinion and Order - Page 4**

**III.    Analysis**

    **A.    MHI's Claim**

Before examining the merits of TBIC's Motion to Dismiss, the court will clarify its understanding of MHI's claim. MHI's claim does not really qualify as a Rule 13(g) cross-claim, because the rule limits cross-claims to actions by one party against a co-party. *See* Fed. R. Civ. P. 13(g); *McDonald v. Oliver*, 642 F.2d 169, 172 (5th Cir. 1981). While Rule 13(g) does not define "co-parties," logic and usage suggest that a plaintiff and a third-party defendant are not co-parties within the rule's meaning. *See Johnson v. Heublein, Inc.*, 227 F.3d 236, 243 (5th Cir. 2000) (holding that parties on opposite sides of the action are not co-parties). The court, however, is not required to determine if MHI and TBIC are genuine co-parties, because MHI needs only to meet the requirements of Rule 14(a). *See generally Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 652 (5th Cir. 1999) (Rule 14 allows third-party defendant to pursue claims against a party that is not a co-party under 13(g).). The plain language of Rule 14(a) allows a third-party defendant to bring "any claim" against the original plaintiff, so long as the claim arises from the "same transaction or occurrence" that is the subject matter of the plaintiff's original claim. *See* Fed. R. Civ. P. 14(a). Therefore, if MHI's claim meets the "same transaction" requirement, the claim "should be allowed, despite its label." 6 Charles A. Wright et al., Federal Practice and Procedure § 1458 (2d ed. 2006).

To meet the Rule 14(a) requirements, the third-party defendant must "demonstrate that his grievance involves some of the same evidence, facts, and issues as does the original action." *Id.* Such claims do not need an independent ground for federal subject matter jurisdiction because they arise from the same set of operative facts as the original claim. *See Revere Copper & Brass, Inc.*

*v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 710, 713 (5th Cir. 1970); *TIG Ins. Co. v. Eagle Inc.*, 2005 WL 2037557, at *3 (E.D. La. 2005) (referring to Rule 13(g) cross-claims).

MHI's claim is based on the same transaction or occurrence as the original claim, and thus meets the requirements of Rule 14(a). The claim centers on the events leading to CFNI's procurement of the policy from TBIC. MHI's claim will, therefore, likely involve some of the same evidence, facts, and issues as the original claim and counterclaim. Accordingly, MHI has properly made its claim pursuant to Fed. R. Civ. P. 14(a).

   B.   **TBIC's Motion to Dismiss**

TBIC bases its Motion to Dismiss on the contention that MHI does not have standing. TBIC argues that because MHI's present claim is identical to the claim it asserted in its Motion to Intervene, which was denied, the present claim should be dismissed. TBIC also argues that MHI is merely asserting the rights belonging to CFNI, and as such, its claim should be dismissed for lack of prudential standing. MHI counters that the present claim is not barred by the denial of its Motion to Intervene, because it became a party to the lawsuit when CFNI filed a third-party complaint against it on December 8, 2005. TBIC replies that, although the procedural capacity from which MHI asserts its claim has changed because MHI is now a party, MHI still lacks standing. Pl.'s Reply in Supp. of Mot. to Dismiss at 4.

The court agrees with TBIC that MHI must have standing to bring this action, but disagrees with TBIC that MHI's new circumstances have no effect on MHI's ability to assert its claim. TBIC seeks the court to view MHI's claim in a vacuum, totally separated from the special circumstances of this case. The court, however, when conducting a standing analysis, will consider MHI's status as a third-party defendant, particularly when examining the injury requirement.

**Memorandum Opinion and Order - Page 6**

### 1. Constitutional Standing Requirements[5]

To establish constitutional standing, claimants must show that: (1) they have suffered an "injury in fact," that is, an invasion of a legally protected interest that is concrete and particularized, actual or imminent, and not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of such that the injury is fairly traceable to Defendant's actions; and (3) a favorable judicial decision is likely to redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61; *see also Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003). The party invoking federal jurisdiction bears the burden of establishing the elements of standing and ultimately must support its allegations with competent proof of jurisdictional facts. *Steel Co.*, 523 U.S. at 103-04; *see also Grant v. Gilbert*, 324 F.3d 383, 387 (5th Cir. 2003). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice [to establish each element], for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561 (citation and quotation omitted). The court now addresses whether MHI's claim satisfies the elements of injury, causation, and redressability.

#### a. Injury

MHI contends that it has suffered an injury in fact because of CFNI's third-party suit against it. *See* MHI's Cross-Claim ¶¶ 19, 27. MHI alleges that the CFNI's claim against it is a result of TBIC's false representations to MHI that the Athletic Exclusion was not part of the policy. *Id.* The court is satisfied that, at the motion to dismiss stage, MHI has asserted sufficient general factual allegations to establish the injury requirement. MHI need only make "general factual allegations" to meet the injury requirement at this stage, because the court presumes such allegations embrace

---

[5]The court is disappointed that MHI did not fully brief the standing issue, which is a crucial component in the court's disposition of TBIC's Motion to Dismiss and would have preserved scarce judicial resources.

**Memorandum Opinion and Order** - **Page 7**

the specific facts necessary to support the claim. *See Lujan*, 504 U.S. at 561. Assuming MHI's allegations concerning its injury are true, as the court must, MHI has met the injury standard as it relates to the Motion to Dismiss.

The injury that MHI now alleges is distinguishable from the injury it complained of in its Motion to Intervene. At the time of the Motion to Intervene, MHI's basis for injury was a letter sent by CFNI, indicating that MHI would be liable if TBIC succeeded in its suit against CFNI. Although any possible injury resulting from a threat or prospect of a suit against MHI contained in a letter sent by CFNI may be too conjectural or hypothetical to allow for intervention, the act of actually being sued is sufficiently concrete and particularized to establish the injury requirement, at least at the motion to dismiss stage of the action.[6] The cost of defending a suit caused by the misrepresentations of another is a concrete economic injury, and there is the potential for further injury if TBIC is successful against CFNI. Regardless of the injury situation at the time of the Motion to Intervene, MHI has now alleged a definite injury in fact. The court, moreover, does not share TBIC's fear that recognizing MHI's standing would somehow allow parties to "manipulate their procedural status" in order to assert nonjusticiable claims. Pl.'s Reply in Supp. of Mot. to Dismiss at 4. The court points out that MHI has now been sued and may be held liable for significant damages to CFNI. Accordingly, the court finds that MHI has met the injury prong for standing.

---

[6]According to MHI, the magistrate judge indicated that if MHI was made a third-party defendant, its standing to bring claims in this suit would be greater than its standing as a mere intervenor.

**Memorandum Opinion and Order - Page 8**

### b.     Causation

In addition to the existence of an injury, standing requires that the injury be "traceable" to the conduct complained of, and not the result of the independent action of some third party not before the court. *Lujan*, 504 U.S. at 560; *Lincoln*, 340 F.3d at 289. MHI specifically asserts that "as a consequence of the claim being filed against it by [CFNI]," MHI has been injured by TBIC's misrepresentations. MHI's Cross-Claim at ¶ 27. If MHI is able to prove its claim that TBIC indicated the Athletic Exclusion would not be part of the policy, then the misrepresentations would have a causal link to the injury. The court must take MHI's well-pleaded facts as true in the context of the Motion to Dismiss, and therefore finds that MHI has met the causation requirement for standing.

### c.     Redressability

Lastly, Article III requires that a favorable outcome for the claimant will likely, as opposed to speculatively, redress the injury. *U.S. v. Hays*, 515 U.S. 737, 743 (1995). A positive outcome need not be certain, but only "likely" or "probabilistic" in order to meet the redressability requirement. *Sabine River Auth. v. U.S. Dept. of Interior*, 951 F.2d 669, 674 (5th Cir. 1992). A favorable decision on MHI's claim will likely redress the injury it allegedly suffered. Moreover, CFNI's claim for misrepresentation will likely become moot if the policy is declared to cover the Sumo Incident, which is the declaration that MHI seeks in its claim. *See generally L&H Transp., Inc. v. Drew Agency*, 369 N.W.2d 608, 611 (finding agent was not liable to insured when agent actually provided requested policy, notwithstanding the insurer's refusal to pay). The court therefore concludes, at the motion to dismiss stage, that MHI has established the redressability requirement for standing.

**Memorandum Opinion and Order - Page 9**

### 2. Prudential Elements of Standing

In addition to the Article III requirements for standing, federal courts may also deny standing in order to "avoid deciding questions of broad social import . . . and to limit access to the federal courts to those litigants best suited to assert a particular claim." *Gladstone v. Village of Bellwood*, 441 U.S. 91, 99 (1979). The use of prudential elements to deny standing involves "judicially self-imposed limits on the exercise of federal jurisdiction . . . ." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004). One prudential element generally requires a claimant to assert his own legal rights and not rely solely on the legal rights of third parties. *Id.* at 12. For example, the Court denied prudential standing for a father challenging a school policy that forced his daughter to recite the Pledge of Allegiance, and did so by deferring to "judicially self-imposed limits on the exercise of federal jurisdiction." *Id.* at 11 (citation and quotation omitted).

This court finds that MHI is not merely asserting the rights of CFNI, and that this issue is not one of such broad constitutional import that the court should exercise a self-imposed limit on its own jurisdiction. As discussed above, CFNI's suit against MHI now makes it probable that the declaration about the policy's coverage will affect the rights of MHI. Again, if the policy is declared not to cover the Sumo Incident, MHI may be liable to CFNI. In essence, MHI has been sued, and has alleged sufficient general allegations of individualized harm to survive the Motion to Dismiss. The court therefore believes that MHI is asserting its own rights in seeking declaratory judgment, and that with its own liability at stake, MHI should be allowed to at least plead its claim.

## IV. Conclusion

For the reasons stated herein, the court determines that MHI has properly pleaded a claim pursuant to Fed. R. Civ. P. 14(a) and that it has standing to bring the claim under Article III of the

United States Constitution.  Accordingly, the court **denies** Plaintiff's Motion to Dismiss Third-Party Defendant McClelland and Hine, Inc.'s Cross Claim for Declaratory Relief.  Also, for the reasons herein stated, the court **denies** McClelland and Hine, Inc.'s Motion to Intervene Pursuant to Rule 24.

**It is so ordered** this 17th day of August, 2006.

Sam A. Lindsay
United States District Judge